UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------- x
                                            :
TYNAN HOFFMAN,                              :    **Civil Case No.: 20-cv-1729 (PGG)**
                                            :
                                            :
                                            :
                      Plaintiff,            :    **SECOND AMENDED COMPLAINT**
                                            :    **AND JURY DEMAND**
         - against –                        :
                                            :
                                            :
                                            :
CITY UNIVERSITY OF NEW YORK,                :
                                            :
                                            :
                                            :
                      Defendant.            :
                                            :
                                            :
------------------------------------------- x

## INTRODUCTION

1.    Plaintiff Tynan Hoffman ("Plaintiff" or "Mr. Hoffman") brings this action

through his attorneys, Imbesi Law Group P.C., against Defendant City University of New York

("Defendant" or "CUNY") seeking damages and other appropriate relief for Defendant's

discriminatory actions.

2.    Plaintiff's complaint is brought pursuant to Section 504 of the Rehabilitation Act.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. § 1331.

4.    Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 as the

events and conduct giving rise to this claim occurred in this District.

## PARTIES

1

5.      Plaintiff Tynan Hoffman is a resident of New York, New York.

6.      Defendant CUNY is a public college authorized to conduct business in the State of New York and does conduct business in the State of New York.

7.      Defendant is an "employer" as defined in the applicable federal, state and city statutory authorities.

8.      Plaintiff is an "employee" as defined in the applicable federal, state, and city statutory authorities.

<u>**STATEMENT OF FACTS**</u>

**A. Background**

9.      Plaintiff is an individual suffering from major depressive disorder. As a result, he experiences a variety of symptoms, including but not limited to loss of energy, loss of motivation, difficulty concentrating, difficulty learning and more.

10.      Plaintiff receives ongoing treatment for his disability.

11.      In 2008, Plaintiff began working for Defendants. At the time, Plaintiff was a student at City College of New York, a public college of CUNY. He also worked in the library as an assistant.

12.      In July of 2013, Plaintiff's employment became full-time and he worked for Defendant as a reference librarian.

13.      Defendant's policy requires that its librarians have two master's degrees. A librarian must have a master's degree upon hiring and the second must be completed within five years of employment.

14.      At the time Plaintiff became a full-time employee, he had already obtained a master's degree in library and information science.

15.     In the spring of 2014, Plaintiff enrolled in courses with Defendant in order to obtain his second master's degree in international relations.

16.     When he began taking classes to obtain his master's degree, Plaintiff was doing well, however, in 2015, his grades began to suffer due to his disability. As a result of his major depressive disorder, Plaintiff struggled to complete his courses and final papers, and received four incompletes.

17.     In 2018, Plaintiff asked Charles Stewart, the Chief Librarian, to accommodate him by allowing him an extra year to obtain his master's degree because of his disability and the symptoms he experienced as a result of his disability.

18.     Mr. Stewart granted Plaintiff's request for a reasonable accommodation by giving him an additional year to obtain his master's degree.

19.     Plaintiff was performing his tasks at work as a librarian; however, he was having difficulties completing his second master's degree due to his disability and the associated symptoms, including difficulty concentrating, sadness, anxiety, loss of interest and more.

**B. Defendant's Failure to Accommodate Plaintiff's Disability – No Undue Hardship Shown**

20.     In the spring of 2019, Plaintiff contacted Mr. Stewart seeking an additional year to obtain his second master's degree.

21.     Plaintiff did not receive a response from Mr. Stewart, however, soon after the request for a reasonable accommodation was made, Plaintiff was informed via email that his contract was not going to be renewed.

22.     On May 11, 2019, Plaintiff made a formal request for a reasonable accommodation.  Plaintiff again requested additional time to complete his second master's degree.

23.     In Plaintiff's request, he informed the school that he was taking medication, which he believed would alleviate his symptoms, allow him to prioritize his schoolwork, and complete the program.

24.     Plaintiff provided Defendant with documentation regarding the medication and treatment. He also provided a letter from his doctors stating that he believed the treatment that Plaintiff was receiving had resulted in positive changes and that Plaintiff would benefit from a one-year extension of the Defendant's arbitrary deadline.

25.     Plaintiff rarely heard from Defendant while his request for a reasonable accommodation was pending.  He was not present in any conversations that took place, and no one approached him to afford him the chance to engage in the interactive process.

26.     On August 20, 2019, Defendant denied Plaintiff's request for a reasonable accommodation.

27.     Defendant informed Plaintiff that they were not obligated to "fundamentally modify the nature, operation, or standards of its business."

28.     Plaintiff never sought to change Defendant's standard, rather he sought a reasonable accommodation to the arbitrary standard and was denied the reasonable accommodation to which he is entitled.

29.     At all times, Defendant failed to demonstrate any undue hardship in allowing Plaintiff additional time to obtain his master's degree.

30.     Plaintiff's schedule and job responsibilities would not change upon the completion of his second master's degree. Plaintiff would have similar responsibilities and teaching requirements with one master's degree as he would have with two. As such, he was qualified for the position at all times.

31.     Plaintiff worked in 2019 without a second master's, with no complaints, disciplinary actions or issues of any kind. At all times, Plaintiff was able to perform the essential functions of his job.

32.     As such, there is no demonstrable undue hardship to Defendant and Plaintiff's request for an accommodation should not have been denied.

**D. EEOC Complaint and Appeal**

33.     On October 14, 2019, Plaintiff submitted a charge of discrimination to the Equal Employment Opportunity Commission (herein referred to as "EEOC").

34.     On October 14, 2019, Plaintiff also submitted an appeal of the reasonable accommodation denial to Defendant.

35.     On December 5, 2019, Defendant denied Plaintiff's appeal and affirmed its decision to deny his reasonable accommodation.

36.     On December 19, 2019, Plaintiff received a Notice of Right to Sue from the EEOC.

37.     Plaintiff's original complaint was filed within 90 days of receipt of the notice.

**COUNT I**
**VIOLATION OF SECTION 504 OF THE REHABILITATION ACT**

38.     Plaintiff hereby repeats and realleges all allegations as if fully set forth herein.

39.     Section 504 of the Rehabilitation Act ("Rehab Act") prohibits a program that receives federal funds from discriminating against an individual on the basis of his disability.

40.     As Defendant is a recipient of federal funding for the college, it is subject to and must comply with the Rehab Act.

41.     Under the Rehab Act, a disability is defined as "a physical or mental impairment that substantially limits one or more major life activities."

42.     Major life activities, under the act, include but are not limited to "learning, reading, concentrating, thinking, communicating, interacting with others, and working."

43.     Plaintiff is an individual with a disability as defined by the Rehab Act.

44.     Plaintiff's disability substantially limits one or more of his major life activities, including but not limited to learning, reading, concentrating, and thinking.

45.     As set forth above, Plaintiff was qualified to perform the essential functions of his job.

46.     Defendant discriminated against Plaintiff on the basis of his disability by failing to provide him with a reasonable accommodation (after previously granting an accommodation and receiving medical documentation in support of his request) and subsequently terminating his employment, causing Plaintiff to suffer an adverse employment action.

47.     Defendant failed to show that providing a reasonable accommodation for Plaintiff would impose an undue hardship on its operation of the business.

48.     As a result of Defendant's actions, Plaintiff is entitled to recover damages, including reasonable attorney's fees and costs.

## <u>REQUEST FOR RELIEF</u>

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

a.  Compensatory damages in an amount to be determined by a jury that is sufficient to compensate Plaintiff for all pain and suffering, humiliation, emotional distress, stress and mental anguish;

b.  Economic damages in the form of back pay and compensation for lost benefits, plus pre-judgment interest;

c.  Damages in the form of front pay or reinstatement, plus pre-judgment interest;

d.  An award of punitive damages sufficient to deter Defendant from engaging in

future unlawful conduct;

e.  Reasonable costs and attorney's fees; and

f.  Any further relief as this Court deems just and proper.

## **<u>JURY DEMAND</u>**

Plaintiff demands a trial by jury on all issues so triable as of right by jury.

Dated: New York, New York
April 1, 2021

Respectfully submitted,

By: *<u>Brittany Weiner</u>*
Brittany Weiner, Esq.
Imbesi Law Group PC
1501 Broadway, Suite 1915
New York, NY 10036
Tel: (646) 767-2271
Fax: (212) 658-9177
Email: brittany@lawicm.com